Roseberry *v.* Harvey et al.

---

ROSEBERRY *v.* HARVEY *et al.*

PRACTICE.—Where rulings upon certain motions, based upon affidavits, are alleged to have been erroneous, and said affidavits are copied into the record on appeal to this Court, but they are not prop-

Roseberry *v.* Harvey et al.

erly made parts thereof by bill of exceptions, such affidavits will not be considered as forming any part of the record, and the errors will not be considered by this Court.

APPEAL from the *Jackson* Common Pleas.

WORDEN, J.—This was an action by the appellees against the appellant, commenced before a justice of the peace, to recover possession of certain real estate, the defendant being a tenant of the plaintiffs' holding over. On the trial before the justice, the defendant had judgment; but, on appeal, the plaintiffs succeeded.

The appellant, in his brief, says : " The only questions made in this brief are as to the sufficiency of the notice to quit, and the right of the appellant to the writ of mandate applied for, and his right to a continuance of the cause until his application for said writ could be determined."

The defendant moved for a mandate against the justice who tried the cause, requiring him to modify the judgment rendered by him, so as to make it conform to the facts that transpired before him, and in the meantime to continue the cause. These motions were overruled. The clerk has transcribed into the record sundry affidavits on which these motions purport to have been based, but they are not made a part of the record by bill of exceptions or otherwise; hence we can not notice them. Nor is the evidence all in the record; hence we can not say that there was not sufficient notice to quit given. Evidence is set out, but the 30th rule is not complied with.

*Per Curiam.*—The judgment below is affirmed, with costs.

*S. W. Smith, W. K. Marshall,* and *R. M. Patrick,* for the appellant.